UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBIN LEWIS<br>1256 East 60th Street<br>Cleveland, Ohio 44103<br><br>on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>INTIGRAL, INC.<br>c/o Statutory Agent<br>2112 EAST OHIO SERVICE CO.<br>200 Public Square, Suite 3000<br>Cleveland, Ohio 44114<br><br>    Defendant. | CASE NO.<br><br>JUDGE:<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Robin Lewis, on behalf of herself and others similarly situated, by and through undersigned counsel, and for her Complaint against Defendant Intigral, Inc. ("Intigral") states and alleges the following:

### SUMMARY

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its hourly, non-exempt employees, including Plaintiff and other similarly-situated employees, for all hours worked, including overtime compensation for all hours worked over 40 hours in a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §

1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant Intigral maintains its corporate office at 9280 Dutton Drive, Twinsburg, Ohio 44087.

4. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff Robin Lewis was a resident of Cuyahoga County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

7. At all times relevant herein, Defendant Intigral maintained its principal place of business in Cuyahoga County, Ohio at 7850 Northfield Road, Walton Hills, Ohio 44146.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

9. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the manufacturing of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the manufacturing of goods for commerce within the meaning of 29 U.S.C. § 206-207.

12. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

**FACTUAL ALLEGATIONS**

13. Defendant Intigral is a manufacturer of windows, glass, and blinds.

14. Defendant employed Plaintiff Robin Lewis as a manufacturing employee at Intigral's Twinsburg facility between September 2022 and November 2022.

15. Other similarly situated employees were employed by Defendant at manufacturing facilities located in Walton Hills in Cuyahoga County, Austintown, Ohio, and Quakertown, Pennsylvania.

16. Defendant classified Plaintiff and other similarly situated manufacturing employees as non-exempt and paid them an hourly wage.

17. Defendant subjected Plaintiff and other similarly-situated manufacturing employees to the same policies, practices and procedures, including pay policies, practices, and procedures.

**(Failure to Pay for All Hours Worked)**

18. Plaintiff and other similarly situated manufacturing employees were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before and after their scheduled start and stop time: a) changing into and out of personal protective equipment, including boots, gloves and safety glasses; b) getting paperwork and parts needed for job duties; c) cleaning up the work area from the previous shift; d) walking to and from assigned work areas of the manufacturing floor; and/or e) performing regular job duties before and after scheduled shifts.

19. The time Plaintiff and other similarly situated employees spent a) changing into and out of personal protective equipment, including boots, gloves and safety glasses; b) getting paperwork and parts needed for job duties; c) cleaning up the work area from the previous shift;

d) walking to and from assigned work areas of the manufacturing floor; and/or e) performing regular job duties before and after scheduled shifts was an integral and indispensable part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

20. Performing job duties before and after scheduled shifts, getting paperwork and parts necessary to perform their working, walking to and from their assigned work areas, cleaning after employees on the previous shift, and donning protective gear are intrinsic elements of their job duties. Plaintiff and other similarly situated employees cannot dispense with these tasks if they are to be able to perform their work.

21. Plaintiff and other similarly situated employees were not paid for time spent a) changing into and out of personal protective equipment, including boots, gloves and safety glasses; b) getting paperwork and parts needed for job duties; c) cleaning up the work area from the previous shift; d) walking to and from assigned work areas of the manufacturing floor; and/or e) performing regular job duties before and after scheduled shifts.

22. The amount of time Plaintiff and other similarly situated employees spent on this required and unpaid work amounted to approximately 15 to 20 minutes each day.

23. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees were not compensated for all of the time they worked, including all of the overtime hours they worked over 40 each workweek.

**COLLECTIVE ACTION ALLEGATIONS**

24. Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

25. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right

to send "opt-in" notices for purposes of the collective action, and of which Plaintiff herself is a member, is composed of and defined as follows:

> All former and current manufacturing employees of Intigral, Inc., including those performing the same and/or substantially similar job duties and/or responsibilities for Intigral, Inc. between November 22, 2019 and the present.

26. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 100 persons.

27. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as her own in bringing this action.

28. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
**(Fair Labor Standards Act Violations)**

29. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

30. Defendant's practice and policy of not paying Plaintiff and other similarly situated manufacturing employees for all time worked and overtime compensation at a rate of one and one-

half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219 and 29 CFR § 785.24.

31. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR 516.2(a)(7).

32. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

33. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damages in that they have not received wages due to them pursuant to the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the classes he represents actual damages for unpaid wages;

D. Award Plaintiff and the classes he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the classes he represents pre- and post-judgment interest at the statutory rate;

F.      Award Plaintiff and the classes he represents attorneys' fees, costs, and disbursements; and

G.      Award Plaintiff and the classes he represents further and additional relief as this Court deems just and proper.

                                    Respectfully submitted,

                                    /s/ *Robert B. Kapitan*
Robert B. Kapitan (0074327)
Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
robert@lazzarolawfirm.com
anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

                                    /s/ *Robert B. Kapitan*
One of Plaintiff's Attorneys