IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBIN LEWIS, on behalf of herself and all others similarly situated, | Case No. 1:22-cv-02118-PAB |
| Plaintiff, | |
| | JUDGE PAMELA A. BARKER |
| -vs- | |
| INTIGRAL, INC., | |
| Defendant. | ORDER OF DISMISSAL AND APPROVING SETTLEMENT |

This matter is before the Court on the Parties' Amended Joint Motion for Approval of Settlement ("Amended Joint Motion") (Doc. No. 47-3 at PageID# 671–88), including the Joint Stipulation of Settlement and Release (Doc. No. 47-3 at PageID# 689–700), the General Settlement and Release Agreements for Plaintiff LaDerrick Carlisle and Representative Plaintiff Robin Lewis (Doc. No. 47-1), and the Declaration of Robert B. Kapitan (Doc. No. 47-3 at PageID# 701–07), and due cause appearing, therefore it is hereby Ordered and Adjudged as follows:

1. On November 22, 2022, Representative Plaintiff Robin Lewis filed this Action as a result of her claim that Defendant failed to pay her, and her fellow coworkers for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Doc. No. 1.)

2. Specifically, Plaintiff Robin Lewis alleged that Defendant violated the FLSA because she and her co-workers were only compensated for work performed between their scheduled shift start and stop times, but were required to complete additional unpaid tasks both before and after their scheduled shift times. (*Id.*)

3. On February 20, 2023, Defendant answered the Complaint, denying each and every of these allegations and asserting numerous affirmative defenses. (Doc. No. 5.)

4. On December 11, 2023, the Parties filed a Joint Stipulation Regarding Notice to Potential Collective Action Members. (Doc. No. 29.) The Parties agreed notice would be sent to the following individuals: All former and current manufacturing employees employed by Intigral, Inc. at any time between November 22, 2020 and the present.

5. On December 11, 2023, the Court approved the Parties' Joint Stipulation Regarding Notice to Potential Collective Action Members. (Doc. No. 30.)

6. On or about January 16, 2024, Plaintiff's counsel sent the Court-approved notice via regular mail, email, and text to all potential collective action members.

7. Following the notice period's close on March 1, 2024, 109 Plaintiffs had opted into this case. (Doc. Nos. 31–37.)

8. Defendant produced numerous time and pay records between November 2021 and January 2024. After Plaintiff's counsel received the time and pay records, the Parties exchanged numerous emails and held numerous telephone conferences to discuss the Parties' respective analyses of the data.

9. On April 18, 2024, the Parties jointly moved the Court to refer the matter to mediation. (Doc. No. 38.)

10. On June 27, 2024, the Parties participated in mediation before Magistrate Judge E. James Grimes Jr. (Doc. No. 44.)

11. On July 11, 2024, the Parties agreed to settle this Action on the terms set forth in the Joint Stipulation of Settlement and Release (Doc. No. 47-3 at PageID# 689–700) and the General

Settlement and Release Agreements (Doc. No. 47-1) (collectively, the "Agreement" and embodying the "Settlement"), filed with Parties' Amended Joint Motion.[1]

12. The Court finds that the proposed Settlement, in the amount of $140,147.13, is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Plaintiffs' Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Representative Plaintiff and the Opt-In Party Plaintiffs. The Court has considered all relevant factors, including: the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

13. The Court approves the Agreement and its Exhibits, and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants final approval of the Settlement as to the Representative Plaintiff, Plaintiff LaDerrick Carlisle, and the Opt-In Party Plaintiffs (collectively, "Plaintiffs").

14. The Court finds that the proposed allocation and calculation of the 107 Individual Payments to Opt-In Plaintiffs, in the amount of $50,843.13, are fair and reasonable. The Court approves the method of calculation and proposed distribution of the Individual Payments. The Parties have submitted with the Joint Stipulation of Settlement and Release Appendix 1, which provides the names of the Opt-In Party Plaintiffs and the Individual Payments (including 74 Overtime Claimants

---

[1] The Parties filed an initial Joint Motion for Approval of Settlement on August 8, 2024. (Doc. No. 45.) On August 15, 2024, the Court ordered the Parties to submit a Joint filing clarifying and correcting several representations in their Joint Motion for Approval of Settlement and attachments thereto. (Doc. No. 46.) On August 21, 2024, the Parties filed a Joint Supplement to their Joint Motion for Approval of Settlement, along with the instant Amended Joint Motion. (Doc. No. 47.)

and 33 Minimum Payment Claimants) to be made pursuant thereto. (Doc. No. 47-2; Doc. No. 47-3 at PageID# 698–700.) The Court approves the amounts and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

15. The Court approves the Service Award Payment, in the amount of $6,000.00, to Representative Plaintiff Robin Lewis, as well as the Service Award Payment, in the amount of $2,000.00, to Plaintiff LaDerrick Carlisle, in recognition of their service in the Action, and orders that such payments be made in the manner, and subject to the terms and conditions set forth in the Agreement.

16. The Court approves the payment of attorneys' fees, in the amount of $77,931.00, and expense reimbursements, in the amount of $3,373.00, to Plaintiffs' Counsel as provided in the Agreement. Plaintiffs' Counsel achieved a Settlement providing for 100% of Plaintiffs' alleged overtime damages. (Attorney Kapitan Decl. (Doc. No. 47-3 at PageID# 701–07) at ¶ 23.) The actual attorneys' fees total $79,150.00 for work performed by three attorneys over two years of litigation and investigation, but Plaintiffs' Counsel are requesting a payment of attorney's fees in the amount of $77,931.00, a negative multiplier of .9846. (*Id.* at ¶¶ 28, 32.) Therefore, the Court orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

17. The Parties' Amended Joint Motion is GRANTED. (Doc. No. 47-3 at PageID# 671–88.) The above case is hereby DISMISSED WITH PREJUDICE; each Party to bear their own attorneys' fees and costs except as otherwise provided by the Agreement. All pending deadlines are CANCELLED, and the Parties' Joint Motion for Approval of Settlement (Doc. No. 45) is MOOT. The Court shall retain jurisdiction to enforce the Parties' Settlement.

**IT IS SO ORDERED.**

Date: August 23, 2024

                                 *s/Pamela A. Barker*
                                 PAMELA A. BARKER
                                 U. S. DISTRICT JUDGE